### TERRELL v. DAVIS.
### No. 8457.

Court of Civil Appeals of Texas. Austin.

Jan. 29, 1936.

C. C. Jopling, of LaGrange, for appellant.

E. A. Arnim, Jr., and Jno. A. Kerr, Jr., both of LaGrange, for appellee.

McCLENDON, Chief Justice.

█ Appellee has moved to strike out the statement of facts, because it was not filed in the trial court. Under uniform decisions, this motion should be granted. 3 Tex.Jur. p. 633, § 445, and authorities there cited.

Appellee has also moved to strike out the transcript for various irregularities. Appellant concedes that the objections to the transcript are well taken, and has tendered a new transcript in which the defects are cured.

We have examined the transcript and statement of facts, and have concluded that a fair trial was had and substantial justice attained, whether or not the statement of facts be considered; and therefore, that the judgment should be affirmed.

█ The suit was upon a promissory note for $267 and to foreclose a chattel mortgage securing it. The note and mortgage were alleged to have been lost. There was an admitted credit of $30 on principal and interest. Defendant pleaded payment in full and also alleged facts which we construe to be an attempt to plead accord and satisfaction by the acceptance of a sum alleged at $225 or $239, in full satisfaction of the debt. The plea, however, is inartfully drawn, as one of accord and satisfaction. Defendant testified in one place unequivocally that he had paid the note in full. He further testified that he met plaintiff one day in the road and paid him $225, $230, or $235, which plaintiff agreed to accept in full satisfaction and destroy the note. In this he was corroborated by an apparently disinterested witness. He also introduced the note, which was marked paid, and the mortgage. The highest amount specifically testified to have been paid was only a few dollars short of the balance due. Plaintiff denied the payment, and at first denied that the note and mortgage offered by defendant were the instruments sued on. His attor-

ney later in open court admitted that they were the instruments sued on.

The jury found, in answer to a special issue, that the note was paid in full.

The record presents no objection to the charge or evidence, and the only possible ground of reversal is the objection that the evidence does not support the finding of payment in full. Without a statement of facts, this objection is clearly untenable.

If the statement of facts were considered, the unequivocal testimony of defendant admitted without objection, to the effect that he paid the note in full, together with the receipted note literally support the jury's finding.

Additionally, the evidence we think would support a plea of accord and satisfaction under the doctrine which appears to find approval in Shelton v. Jackson, 20 Tex.Civ.App. 443, 49 S.W. 415, to the effect that acceptance of a smaller sum than due upon a promissory note in full satisfaction, coupled with surrender of the note to the debtor for cancellation, is equivalent to a full release under seal and will constitute a valid accord. 1 Tex.Jur. p. 261, § 17. For other authorities to the same effect, see 1 C.J. p. 544, note 10.

Appellee's motion to strike out the statement of facts is granted; appellant's motion to file substitute transcript is overruled, and the trial court's judgment is affirmed.

Appellee's motion granted; appellant's motion overruled.

Affirmed.